**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Dale D Ulrich, | No. CV-20-01328-PHX-GMS |
| Appellant, | **ORDER** |
| v. | |
| Clinton Jacob Kauer, et al., | |
| Appellees. | |

Before the Court is Appellant Dale D. Ulrich's ("Appellant") Appeal of the United States Bankruptcy Court's Order overruling objections to Debtor's claim of federal exemptions ("Order"). (Doc. 5.) For the following reasons, the Order is affirmed.

## BACKGROUND

Clinton Jacob Kauer and Alicia Marie Kauer ("the Debtors") commenced a Chapter 7 Bankruptcy action on January 31, 2020. (Doc. 6-1 at 8.) Appellant was appointed to act as the trustee in the case. (Doc. 6-4 at 1.) Pursuant to 11 U.S.C. § 522(d), the Debtors elected to claim exemptions under federal law. (Doc. 6-5 at 2.) Appellant filed a timely objection to the use of federal exemptions on April 2, 2020. (Doc. 6-4 at 2.) The United States Bankruptcy Court issued a written ruling denying Appellant's objection on June 29, 2020. (Doc. 1 at 9.) Appellant subsequently brought the instant appeal of the denial, claiming that the Bankruptcy Court erred by allowing the Debtors to claim federal exemptions because (1) the Idaho homestead exemption was available to the Debtors; and

(2) Idaho exemptions outside Title 11 were not limited by Title 11's residency requirements.

## DISCUSSION

### I.    Standard of Review

As the objecting party, a trustee bears the burden of proving that a claim of exemption is improper. Fed. R. Bankr. P. 4003(c); *Carter v. Anderson*, 182 F.3d 1027, 1029 n.3 (9th Cir. 1999). A district court reviews the legal conclusions of a bankruptcy court de novo. *In re Olshan*, 356 F.3d 1078, 1083 (9th Cir. 2004).

### II.   Analysis

Under 11 U.S.C. § 522(b), debtors may exempt certain assets included in property of the bankruptcy estate to shield them from liquidation. Both federal and state exemption schemes exist. When debtors have lived in different states prior to filing their bankruptcy petition, the Code provides:

> [A]ny property that is exempt under Federal law, other than subsection (d) of this section, or [under] State or local law that is applicable on the date of the filing of the petition to the place in which the debtor's domicile has been located for the 730 days immediately preceding the date of the filing of the petition or if the debtor's domicile has not been located in a single State for such 730-day period, the place in which the debtor's domicile was located for 180 days immediately preceding the 730-day period or for a longer portion of such 180-day period than in any other place; . . . . If the effect of the domiciliary requirement under subparagraph (A) is to render the debtor ineligible for any exemption, the debtor may elect to exempt property that is specified under subsection (d).

11 U.S.C. § 522(b)(3).

Here, the Debtors were not domiciled in Arizona for more than 730 days prior to the date they filed for bankruptcy and, therefore, cannot claim Arizona exemptions. Idaho's exemption laws instead apply under § 522(b)(3)(A) because the Debtors were domiciled in Idaho for the greater part of the 180-day period preceding the 730-day period. However, the Debtors are entitled to claim exceptions under the Federal Code because they are not eligible for exemptions under Idaho law.

Most Idaho exemptions are limited to residents. The Idaho Code limits Title 11 exemptions to Idaho residents by providing: "Residents of this state are entitled to the

exemptions provided by this act. Nonresidents are entitled to the exemptions provided by the law of the jurisdiction of their residence." Idaho Code Ann. § 11-602; (Doc. 10 at 5). Of the remaining provisions, none contain exemptions that the Debtors are qualified to take in this case. Appellant offers no support for his assertions that other exemptions apply, citing only to a complete list of Idaho's exemptions, (Doc. 6-6 at 38), without factual or legal support. Bare reference to these statutes does not meet Appellant's burden of establishing that the federal exemptions were improperly claimed. Moreover, as explained by the Bankruptcy Court, most of the provisions fall within Title 11, and therefore do not apply to the Debtors.[1]

Nor does the homestead exemption apply to the Debtors. Although the statute is silent on extraterritorial reach and state appellate courts have not yet interpreted the scope of the exemption, federal courts consistently limit Idaho's homestead exemption to land within the state. In *In re Stephens*, for example, the Ninth Circuit Bankruptcy Appellate Panel reasoned:

---

[1] Title 11 contains broad provisions which encompass many of the other exemptions outside the Act. The Bankruptcy Court explained:
> [M]ost of these other exemptions are in fact also exemptions under Title 11 as disability benefits, public assistance, wages, insurance, retirement benefits, and the like. Specifically, I.C. § 55-1011 (ERISA qualified pensions and retirement benefits), I.C. § 41-1836 (annuity proceeds), I.C. § 50-1517 (police officer retirement benefits), I.C. § 59-1317 (public employee retirement benefits), and I.C. § 72-1422 (firefighter retirement benefits) are provided for within the more generalized exemption in I.C. § 11-604(A) as retirement benefits under any employee benefit plan. I.C. § 56-223 (public assistance) is provided for in I.C. § 11-603(4) as "federal, state or local public assistance legislation." I.C. § 63-3022K (medical savings accounts) expressly falls within I.C. § 603(5) as "the amount in a medical savings account." I.C. § 41-1834 (disability insurance), I.C. § 41-1833 (life insurance), I.C. § 41-1835 (group life and group disability insurance), and I.C. § 41-1930 (life insurance policy settlements) are subsumed in I.C. § 11-604 and § 11-604(A) as "proceeds of insurance." I.C. § 72-802 (workers' compensation) also falls within the limits of I.C. § 11-207 and § 11-603. See State, Dept. of Health & Welfare ex rel. *Lisby v. Lisby*, 890 P.2d 727 (Idaho 1995) (noting different portions of workers' compensation may qualify as medical benefits or wages subject to Idaho's exemptions in I.C. § 11-603 and § 11-207).

(Doc. 1 at 12.) Appellant's assertion that, because a residency requirement is absent from these provisions, they cannot come within the requirements of Title 11 is outweighed by the plain and broad provisions of the Act, which implicitly incorporate more specific exemptions.

- 3 -

> [B]ased on our reading of Idaho Supreme Court precedent, we predict that the Idaho Supreme Court would limit the applicability of Idaho's homestead exemption law to real property located within Idaho. In making this prediction, we particularly rely upon a line of Idaho Supreme Court cases holding that, "[i]n the absence of any extraterritorial phraseology contained in the [statute in question], it cannot be construed to have an extraterritorial effect, on the theory that the legislature so intended."

*In re Stephens*, No. BAP ID-11-1304-MKHJU, 2012 WL 3205362, at *3 (B.A.P. 9th Cir. Aug. 2, 2012) (quoting *Ore-Ida Potato Prods., Inc.*, *v. United Pac. Ins. Co.*, 87 Idaho 185, 193, 392 P.2d 191, 196 (1964)); *see In re Capps*, 438 B.R. 668, 672 (Bankr. D. Idaho 2010); *In re Stephens*, No. BR 10-41450-JDP, 2011 WL 1790777, at *2 (Bankr. D. Idaho May 10, 2011) ("Standing in the way of Debtor's successful claim of an exemption, however, is a line of decisional law from this Court which holds that Idaho's statutes may not be used to establish a homestead exemption on real property located outside of the State."). The Idaho homestead exemption therefore cannot apply to the Debtors here. Appellant's assertion that this line of cases is "fruit of a poisonous tree" is unpersuasive and unsupported. Policy arguments in favor of applying an exemption do not outweigh clear authority to the contrary.

Further, Appellant's contention that because remaining Idaho exemptions *could* apply to the Debtors, they are therefore "eligible" within the meaning of § 522 distorts the statute's plain meaning and purpose. Such a reading would mean federal exemptions could not apply to debtors unless every state exemption was expressly limited to residents. But the "hanging paragraph" following § 522(b)(3)(C) is intended to ensure that debtors are not denied the opportunity to claim "any" exemption. *See, e.g.*, *In re Long*, 470 B.R. 186, 190 (Bankr. D. Kan. 2012) (holding that the hanging paragraph in § 522 is plainly designed to prevent a debtor from being denied any exemptions). Courts understand this safeguard as contemplating access to relief; they thus ask whether a debtor could actually claim an exemption, not merely whether some exemption under the state's code could apply if the debtor were in a different factual scenario. *In re Rodenbough*, 579 B.R. 545, 551 (Bankr. D. Idaho 2018); *In re Capps*, 438 B.R. at 673–74 ("[A]s long as the debtor may take

advantage of some state exemption, the hanging paragraph does not allow the debtor to use the § 522(d) exemptions."); *In re Wilson*, No. 14-20557-TLM, 2015 WL 1850919, at *4 (Bankr. D. Idaho Jan. 13, 2015) ("So long as debtors can receive some exemptions under the applicable state law, there is no reason for recourse to § 522(d) federal exemptions as a fallback under § 522(b)(3)'s hanging paragraph."). Appellant cites no authority contradicting this principle; the broad contention that the plain meaning of "eligible" must be read more narrowly is outweighed by practical examples to the contrary. As there is no indication that Debtors own property which qualifies them for the remaining Idaho provisions, they are entitled to claim federal exemptions.

## CONCLUSION

For the reasons stated above, the Order overruling Appellant's objection to the Debtors' exemptions under federal law is affirmed.

**IT IS THEREFORE ORDERED** the Bankruptcy Court's Order Overruling Appellant's Objection is **AFFIRMED.**

Dated this 30th day of December, 2020.

_____
G. Murray Snow
Chief United States District Judge